UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ALBERT M HAYES** | **CASE NO. 2:24-CV-01376** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GSTEK INC ET AL** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM RULING

Before the Court is a "Defendant Christine Wormuth's 12(b)(6) Motion to Dismiss for Failure to State a Claim" (Doc. 7), wherein Christine Wormuth, as Secretary for the United States Department of the Army (the "Army") moves to be dismissed from this lawsuit because (1) the Army cannot be sued for claims under the Americans with Disabilities Act (the "ADA"), (2) the Army was not Plaintiff's employer, and/or (3) Plaintiff failed to exhaust his administrative remedies.

### BACKGROUND

The Army contracted with GC&E to provide information technology ("IT") support at the Department of the Army Network Enterprise Center ("NEC") at Fort Johnson.[1] Plaintiff, Albert Hayes, was employed by GC&E in March 2021, as a Level II System Administrator. When initially hired by GC&E, Hayes worked remotely due to the COVID-19 pandemic.[2] In December 2021, the Army awarded the IT support contract to GStek, Inc. ("GStek") and Hayes then transitioned with the new company in the same position.[3]

---

[1] Complaint, ¶ 12, Doc. 1.
[2] *Id.* ¶¶ 13, 15.
[3] *Id.* ¶¶ 14, 15.

In February 2022, GStek transitioned its personnel from remote to in-person work at the NEC.[4] Hayes alleges that due to certain medical issues, he was diagnosed in May 2022, with autism, major depressive disorder, and social anxiety disorder.[5] Hayes made a Reasonable Accommodation Request to his employer, GStek, on October 12, 2022, that he be allowed to work remotely.[6] On October 18, 2022, Hayes provided GStek a physician's note recommending that he be allowed to work remotely.[7] Hayes alleges that the GStek project manager, determined that he could perform his work remotely, but that the Army declined his request because "[it] would not be in the best interest of the organization to allow full-time teleworking."[8] GStek rejected Hayes' request, but attempted to accommodate him by permitting him to work remotely a couple of days per week.[9] From December 2022, through early January 2023, Hayes worked from home two to three days per week, and worked at Fort Johnson the remainder of the week.[10]

Hayes alleges that he "experienced a mental breakdown" on January 16, 2023, resulting in a medication dosage increase.[11] Hayes informed GStek of his medical maladies, and that he was receiving treatment for anxiety and depression.[12] Hayes also informed GStek that his treating physician recommended that he be allowed to delay

---

[4] *Id.*
[5] *Id.* para 17.
[6] *Id.* 20.
[7] *Id.* ¶¶ 21-22.
[8] *Id.* ¶ 26.
[9] *Id.* ¶ 27.
[10] *Id.* ¶ 28.
[11] *Id.* ¶ 31.
[12] *Id.* ¶ 33.

attending drill[13] until a later date to give his treatment time to provide relief for his anxiety.[14]

Hayes worked remotely from January 16, 2023, through January 19, 2023, and was required to take paid time off ("PTO"). On or about January 19, 2023, Hayes informed GStek that because of his medical condition, his physician recommended that he take a medical leave of absence, but GStek did not discuss any potential protected medical leave with him.[15] On January 23, 2023, Hayes informed GStek of his difficulties in adjusting to new medication dosage, and that his physician would not clear him to attend drill at this time, which would require him to work remotely.[16] Hayes alleges that on January 24, 2023, he inquired as to whether he was to go in to work for the day, but received no response.[17] On January 25, 2023, Hayes received a termination letter terminating his employment effective January 26, 2023, for "absenteeism" concerns among other things.[18]

Hayes alleges claims under the ADA and Rehabilitation Act ("RA") for failure to accommodate/engage in the interactive process, disability discrimination, ADA/RA retaliation. Hayes alleges that the Army was his "joint employer."

Hayes initiated contact with the Fort Johnson Equal Employment Opportunity ("EEO") Office on March 2, 2023.[19] The EEO advised Hayes that he was not an Army employee.[20]

---

[13] The Complaint does not inform the Court as to the meaning of "drill" or what it entails.
[14] Id.
[15] Id. ¶ 34.
[16] Id. ¶ 35.
[17] Id. ¶ 36
[18] Id. ¶¶ 37, 38.
[19] Id. ¶ 5.
[20] Id.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAWAND ANALYSIS

In his Complaint, Hayes alleges that the Army and GStek failed to accommodate his disability, and then terminated his employment because of his disability in retaliation for requesting an accommodation.[21] Specifically, the Army contracting Officer's

---

[21] *Id.* ¶¶ 40-86.

Representative ("COR") who is responsible for ensuring that contractors meet the commitments of the contract pursuant to its terms, declined GSek's request for Hayes to work remotely. The Army argues that it is not Hayes' employer, nor did it retaliate against Hayes for making an accommodation request or terminate him. The Army also argues that Hayes failed to file his claim with the EEO within the 45 days proscriptive period prior to filing suit.

*Plaintiff's ADA claims*

The Army moves to dismiss Plaintiff's ADA claims, to the extent they have been asserted because the federal government is specifically excluded from the protections afforded under the ADA. *Denham v. Watkins*, 2024 U.S.App. LEXIS 25167, at *6 (5th Cir. Oct. 4, 2024) (citing *Smith v. Potter*, 400 F.App'x 806, 812 (5th Cir. 2010)). In response, Plaintiff explains that it is not asserting any ADA claims against the Army, and understands that such claims must be brought pursuant to the Rehabilitation Act ("RA"). As such, it is clear that Plaintiff's claims are asserted pursuant to the RA, which is interpreted using the same standards as the ADA.

*Joint employer*

Plaintiff argues that the Army was a joint employer, and thus a "covered entity" for purposes of Plaintiff's RA claims. The Army argues otherwise and maintains that it cannot be held responsible to Hayes under the RA.

The RA prohibits an employer from "discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by [the Acts] of because such individual made a charge, testified, assisted, or participated in any manner in

an investigation, proceeding, or hearing under [the Acts]." *January v. City of Huntsville*, 74 F.4th 646, 652-53) (5th Cir. 2023) (citing 42 U.S.C. § 12203 (ADA) and 29 U.S.C. § 794(d) (incorporating the ADA's standard for RA claims)). Thus, an entity that is not the plaintiff's "employer" cannot be held liable under the RA. See *Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir. 1994).

Hayes argues that the Army is a joint employer because it provided Hayes' place of work and retained the authority to control whether he could telework. The Army argues that these allegations, if true, are insufficient to establish that the Army was Hayes' joint employer. See *Perry v. VHS San Antonio, L.L.C.*, 990 F.3d 918, 928-29 (5th Cir. 2021) (quoting *Deal v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118019 (5th Cir. 1993)) ("To determine whether an entity exercises enough control over an individual to qualify as his employer, [the Fifth circuit appl[ies] a 'hybrid economic/common law control test.'"). See also *Burton v. Freescale Semiconductor, Inc.,* 798 F.3d 222, 227 (5th Cir. 2015).

"The right to control an employee's conduct is the most important component of this test," and the Fifth Circuit considers "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." *Id.* "The economic realities component of [the Fifth Circuit's] test has focused on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id.* In other words, a company becomes a "joint employer when it, 'while contracting in good faith and with an otherwise independent company, has retained for itself control of the terms and conditions of employment of the employees who are employed by the other employer.'"

*E.E.O.C. v. Valero Refining-Texas L.P.,* 2013 WL 116820 (S.D. Tex. Mar. 13, 2013) (quoting *Virgo v. Riviera Beach Assocs., Ltd.,* 30 F.3d 1350, 1359-60 (11th Cir. 1994)).

Hayes argues that the Army had sufficient control of Hayes to be a joint employer because it advised GStek that Hayes' place of work would be at Fort Johnson—not his home.

Here, the only condition set by the Army was that Hayes work at Fort Johnson. This one condition is a far reach for the Army to be a joint employer with GStek. The facts alleged meet neither the hybrid economic-realities test, nor the common law control test. The protections provided under the RA can only be asserted against an employer, *January v. City of Huntsville*, 74 F.4th 646, 652-53 (5th Cir. 2023) (citing 42 U.S.C. § 12203 (ADA) and 29 U.S.C. § 794(d) (incorporating the ADA's standard for RA claims)). The Court agrees with the Army that Hayes' allegations do not establish that it exercised sufficient control over Hayes to qualify as his employer under longstanding Fifth Circuit precedent.

*Failure to exhaust administrative remedies*

The Army moves to dismiss Hayes' claims because he failed to timely exhaust his administrative remedies. The Army asserts that the only adverse action Hayes alleges against it is his claim that the Army "refused to honor [Hayes'] work-from-home accommodation request" on November 8, 2022.[22]

Under Equal Employment Opportunity Commission (EEOC) regulations, Hayes was required to initiate contact with the Equal Employment Opportunity (EEO) Office

---

[22] Complaint, ¶ 26, Doc. 1.

within 45 days of the alleged adverse action. *Smith v. United States Postal Serv.*, No. 11-64, 2011 U.S. Dist. LEXIS 88026, at *4-5 (E.D. La. Aug. 9, 2011) ("Federal regulations require that a federal employee alleging illegal discrimination, []must 'initiate contact with a[n EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.'"); 29 C.F.R. § 1614.105(a)(1). Generally, if the employee fails to contact an EEO counselor within this 45-day window, the claims are time-barred. *Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002).

Here, the Army is not the employer, and furthermore, the Army did not terminate Hayes' employment with GStek. As noted by the Army, its only action was to advise GStek that under the terms of the contract, full-time remote work was not in the Army's best interest. That decision was made on November 8, 2022, and Hayes made contact with EEO on March 2, 2023, well beyond the 45-day prescriptive period. As such, the Court finds that Hayes failed to timely contact the EEO and exhaust his administrative remedies as to the Army.

*Discrimination claim*

Lastly, the Army argues that Hayes has failed to allege sufficient facts to plausibly state a discrimination claim against it. Hayes alleges that he was terminated from his employment because of his disability,[23] and in retaliation for requesting an accommodation for his disability.[24]

---

[23] Complaint, ¶ ¶ 64-76, Doc. 1.
[24] *Id.* ¶ 77-86.

Hayes argues that the Army's refusal to permit him to work remotely full-time, was the sole reason he incurred absences, and it was those absences that prompted his discharge on January 26, 2023. Again, the Army is not Hayes' employer, and the Army did not make the decision to terminate Hayes. The only allegation Hayes makes against the Army was to advise GStek that under the terms of the contract, full-time remote work was not in the Army's best interest. Furthermore, discriminatory/retaliatory termination cannot be a separate and distinct claim from failure to accommodate when the alleged unlawful termination is based on the alleged failure to accommodate. See e.g. *Johnson v. Norton Cnty. Hosp.*, 550 F.Supp.3d 937, 961 (D. Kan. 2021); *Bess v. District of Columbia*, 2020 WL 4530581, at *4 (D.D.C. Aug. 6, 2020); *Harris v. Carrier Corp.*, 2017 WL 4037658, at *6 (S.D. Ind. Sept. 13, 2017) (quoting *Moore-Fotso v. Bd. of Educ. of the City of* Chicago, 211 F.Supp.3d 1012, 1037 (N.D. Ill. 2016) (collecting cases)). The Court finds that Hayes has failed to state a plausible discrimination/retaliation and failure to accommodate claims against the Army.

## CONCLUSION

For the reasons explained herein, the Court will grant Defendant Christine Wormuth's 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. 7) in its entirety, and dismiss with prejudice Plaintiff's claims against the Army.

**THUS DONE AND SIGNED** in Chambers on this 17th day of January, 2025.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**