UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ALBERT M HAYES** | **CASE NO. 2:24-CV-01376** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GSTEK INC ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is "Defendant GSTEK Inc.'s Motion for Judgment on the Pleadings" (Doc. 22) wherein Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## BACKGROUND

The Army contracted with GC&E to provide information technology ("IT") support at the Department of the Army Network Enterprise Center ("NEC") at Fort Johnson.[1] Plaintiff, Albert Hayes, was employed by GC&E in March 2021, as a Level II System Administrator. When initially hired by GC&E, Hayes worked remotely due to the COVID-19 Pandemic.[2] In December 2021, the Army transferred the IT support contract from GC&E to Defendant, GStek, Inc. ("GStek") and Hayes then transitioned with the new company in the same position.[3]

In February 2022, GStek transitioned its personnel from remote to in-person work at the NEC.[4] Hayes alleges that due to certain medical issues, he was diagnosed in May

---

[1] Complaint. ¶ 12, Doc. 1.
[2] *Id.* ¶¶ 13, 15.
[3] *Id.* ¶¶ 14, 15.
[4] *Id.*

2022, with autism, major depressive disorder, and social anxiety disorder.[5] Hayes made a Reasonable Accommodation Request to his employer, GStek, on October 12, 2022, that he be allowed to work remotely.[6] On October 18, 2022, Hayes provided GStek with a physician's note recommending that he be allowed to work remotely to accommodate his conditions.[7] Hayes alleges that the GStek project manager determined that he could perform his work remotely, but that the Army declined his request because "[it] would not be in the best interest of the organization to allow full-time teleworking."[8] GStek rejected Hayes' request, but attempted to make reasonable accommodations by permitting him to work remotely two to three of days per week.[9] From December 2022, through early January 2023, Hayes worked from home two to three days per week, and work at Fort Johnson the remainder of the week.[10]

Hayes alleges that he "experienced a mental breakdown" on January 16, 2023, resulting in a medication dosage increase.[11] Hayes informed GStek of his medical maladies, and that he was receiving treatment for anxiety and depression.[12] Hayes also informed GStek that his treating physician recommended that he be allowed to delay attending drill[13] until a later date to give his treatment time to provide relief for his anxiety.[14]

---

[5] *Id.* para 17.
[6] *Id.* 20.
[7] *Id.* ¶¶ 21-22.
[8] *Id.* ¶ 26.
[9] *Id.* ¶ 27.
[10] *Id.* ¶ 28.
[11] *Id.* ¶ 31
[12] *Id.* ¶ 33.
[13] The Complaint does not inform the court as to the meaning of "drill" or what it entails.
[14] *Id.*

Hayes worked remotely from January 16, 2023, through January 19, 2023, and was required to take paid time off ("PTO"). On or about January 19, 2023, Hayes informed GStek that because of his medical condition, his physician recommended that he take a medical leave of absence, but GStek did not discuss any potential protected medical leave with him.[15] On January, 23, 2023, Hayes informed GStek of his difficulties in adjusting to the new medication dosage, and that his physician would not clear him to attend drill at this time, which would require him to work remotely.[16] Hayes alleges that on January 24, 2023, he inquired as to whether he was to go in to work for the day, but received no response.[17] On January 25, 2023, Hayes received a termination letter severing his employment effective January 26, 2023, for "absenteeism" concerns among other things.[18]

Hayes asserts claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") for failure to accommodate/engage in the interactive process, disability discrimination, ADA/RA retaliation.

Hayes initiated contact with the Fort Johnson Equal Employment Opportunity ("EEO") Office on March 2, 2023.[19] The EEO advised Hayes that he was not an Army employee.[20] This Court has also ruled that Hayes is not an Army employee.[21]

---

[15] *Id.* ¶ 34.
[16] *Id.* ¶ 35.
[17] *Id.* ¶ 36.
[18] *Id.* ¶¶ 37, 38.
[19] *Id.* ¶ 5.
[20] *Id.*
[21] Docs. 19 and 20.

## **RULE 12(C) STANDARD**

A Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) Motion to Dismiss. See *Bennett-Nelson v. Louisiana Bd. Of Regents,* 431 F.3d 448, 450 n. 2 (5th Cir. 2005). Federal Rule of Civil Procedure 12(b)(6) allows a defendant to present a defense of failure to state a claim upon which relief can be granted and authorizes a court to dismiss a case pursuant to a motion by the defendant when a plaintiff has not stated a cause of action. *Ceason v. Holt,* 73 F.3d 600 (5th Cir. 1996). "A claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which will entitle him to relief." *U.S. ex. Rel. Willard v. Humana Health Plan of Texas, Inc.,* 33 F.3d 375, 379 (5th Cir. 2003).

The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but

challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## **LAW AND ANALYSIS**

Defendant, GStek, seeks to dismiss Plaintiff's ADA and RA claims for failure to state a claim upon which relief can be granted because: (1) Plaintiff received a reasonable accommodation; and (2) Plaintiff's discrimination and retaliation claims are indistinguishable extensions of his failure to accommodate claim.

To state a claim of failure to accommodate, a plaintiff must show "(1) the plaintiff is a 'qualified individual with a disability'; (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations." *Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013)(footnote omitted). Similarly, "[w]hile the ADA does require an employer to reasonably accommodate a disabled individual's needs, it "does not require an employer to relieve an employee of any essential function of his or her job, modify those duties, reassign existing employees to perform those jobs, or hire new employees to do so." *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 698 (5th Cir. 2014).

*Reasonable Accommodation*

Defendant alleges the following facts to demonstrate that GStek granted Plaintiff a reasonable accommodation pursuant to ADA and RA requirements. The first being that Plaintiff submitted an accommodation request for full time remote work.[22] GStek claims they were inclined to grant the Plaintiff's request but was required to seek the Army's approval.[23] However, Defendant asserts that the Army denied the request for full time

---
[22] *Id.* ¶ 20-22.
[23] *Id.* ¶ 23.

Page **6** of **13**

remote work.[24] After the Army's refusal, Defendant sought to accommodate Plaintiff and granted him a hybrid work schedule allowing him to work from home two to three days a week.[25]

      Here, GStek had a contract with the Army who modified the terms and conditions, that were originally set due to the COVID-19 pandemic, to request that the employees transition to in-person work at Fort Johnson, which in turn, made working full-time in person an essential characteristic of the job. Pursuant to the contract, GStek was required to abide by all terms and conditions set by the Army; failure to do so would likely result in a breach of contract and losing the contract. While the ADA does require an employer to reasonably accommodate a disabled individual's needs, it "does not require an employer to relieve an employee of any essential function of his or her job, modify those duties, reassign existing employees to perform those jobs, or hire new employees to do so." *See LHC grp., Inc.*, 773 F.3d at 698 (quoting *Burch v. City of Nacogdoches*, 174 F.3d 615, 621 (5th Cir. 1999)). One can easily see that GStek defying the Army's denial of full-time telework would require GStek to modify certain duties, reassign existing employees, or hire new employees to perform the in-person work required by the Army. Permitting Plaintiff to work remotely full time, would have likely resulted in the loss of a contract with the Army and would have exceeded GStek's obligations under the ADA and RA's requirement for reasonable accommodation.

---

[24] *Id.* ¶ 26.
[25] *Id.* ¶ 27.

Therefore, the Court finds that GStek made a reasonable accommodation per ADA and RA standards by allowing Plaintiff to work a hybrid schedule. See *Jackson v. Blue Mt. Prod. Co.*, 761 F.App'x. 356, 360 n. 14 (5th Cir. 2019) (quoting *Griffin v. UPS*, 661 F.3d 216, 224 (5th Cir. 2011) (while an eligible employee is entitled to a reasonable accommodation, they are not entitled to the accommodation of their choosing).

*Qualified Individual*

To prevail on this claim, Plaintiff must show (1) that "he could perform the essential functions of his job in spite of his disability" or (2) "that a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job." *Weber v. BSNF Railway Company*, 989 F.3d 330, 322 (5th Cir. 2021) (citation omitted).

Defendant also argues that Plaintiff is not a qualified individual with a disability. The ADA defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *See* 42 U.S.C. § 12111(8).

Defendant asserts that Plaintiff chose a misleading timeframe to establish himself as a qualified individual with a disability. Plaintiff uses his employment from 2019 through February 2022.[26] The majority of the employment listed was with a different company and only represents the portion of his employment with Defendant during the COVID-19 pandemic where he worked remotely. The essential functions of Plaintiff's job were materially different during that time than the essential functions of the job at issue in this

---

[26] *Id.* ¶ 47.

case. Defendant also claims that after Plaintiff was given the hybrid schedule accommodation, Plaintiff struggled to maintain punctuality and consistent availability for work, and had excessive absenteeism, even while teleworking. Specifically, GStek alleges that from November 2022 until January 2023, Plaintiff continually struggled with attendance, communication, and responsiveness.[27] Plaintiff and his supervisor maintained an ongoing dialogue about his persistent attendance issues, but he did not improve, ultimately rising to a level of inexcusable absenteeism in violation of GStek's attendance policy.[28]

The Court questions whether Hayes is a qualified individual because his absenteeism included days where he was scheduled to work remotely but he was unavailable and failed to perform his work. GStek provided Plaintiff with a modified work schedule, which this Court finds was a reasonable accommodation. However, Plaintiff could not perform the essential functions of his position, with or without accommodation. Additionally, the Army was requiring in person work, which Plaintiff alleges he could not do. Moreover, because Hayes could not perform the essential functions of his job with the reasonable accommodation provided, he is not a qualified individual.

*Indistinguishable Claims*

Defendant asserts that both Plaintiffs claims of discrimination and retaliation against him based on his disability are indistinguishable from, and based on, Plaintiff's failure to accommodate claim against GStek.

---

[27] Doc. 1, ¶ 28; Doc. 9 ¶ 28.
[28] Doc. 1 ¶ ¶ 33, 35, 36, 37; Doc. 9 ¶ 33, 37.

As the court correctly noted in its Memorandum Ruling dismissing Plaintiff's claims against the Army, "discriminatory/retaliatory termination cannot be a separate and distinct claim from failure to accommodate when the alleged unlawful termination is based on the alleged failure to accommodate." *See, e.g., Johnson v. Norton Cnty. Hosp.*, 550 F.Supp. 3d 937, 961 (D. Kan. 2021).

Here, Defendant contends that Plaintiff reiterates the ties between his claims and not how they are separate. In an effort to prove causation, Plaintiff claims that he was terminated due to absenteeism; however, all of the absences occurred as a direct function of Plaintiff's known disabling condition. Defendant asserts that Plaintiff conveniently omitted the remaining portion of the paragraph that states, "combined with Defendants' collective refusal and/or failure to provide the reasonable telework accommodation Plaintiff requested."[29] Likewise, Defendant alleges Plaintiff's retaliation claim similarly conflates the alleged failure to accommodate with the asserted basis for the adverse employment action.

Plaintiff contends that the original complaint asserts a plausible failure to accommodate claim, a plausible discretionary discharge claim, and a plausible retaliation claim against GStek, Inc.

Plaintiff claims he requested a reasonable accommodation in the form of full-time telework, based on the recommendation of his physician, and GStek denied the same without a legal basis upon which to do so.

---

[29] *Id.* ¶ 70.

Plaintiff states his complaint plausibly alleges that he was a qualified individual with a disability at all relevant times, that he informed GStek of his disabling conditions and resulting limitations, and that GStek failed to reasonable accommodate Plaintiff under the circumstances of the case.

Plaintiff alleges that he successfully performed all of his essential job functions from 2019 through February 2022, during which time he performed the same remotely. Plaintiff claims that the fact Plaintiff had been doing exactly the same type of work, remotely, for years, to buttress his position that regular, in-person attendance was not an essential job function.

Plaintiff alleged that GStek's proposed, modified/restricted accommodation "was not reasonable," which led to Plaintiff experiencing an anxiety-driven mental breakdown January 16, 2023.[30]

*Plaintiff's Discrimination and Retaliation Claim*

To make a *prima facie* case of disability discrimination under the ADA, Plaintiff must establish that "(1) he has a disability or was regarded as disabled, (2) he was qualified for the job, and (3) he was subject to an adverse employment decision on account of his disability." *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 & n.4 (5th Cir. 2017) (citation omitted). Plaintiff asserts that he was disabled and qualified for his position at the time of his discharge.

---

[30] *Id.* ¶¶ 29, 59.

Plaintiff also asserts an ADA retaliation claim. The cause has three elements: "(1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action." *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999).

Plaintiff alleges that he was terminated from his employment because of his disability,[31] and in retaliation for requesting an accommodation for his disability.[32] Plaintiff first argues that he was terminated "almost immediately after an event that highlighted his ADA… disability"[33] and claims that the temporal proximity between the two events is enough to establish a *prima facie* case against Defendant. Plaintiff then argues that GStek terminated him for absenteeism, which he claims that most of his absences happened a week prior to his termination and occurred as a direct function of his known disabling conditions.[34] Plaintiff claims that he was terminated as a consequence of the symptoms of his disabilities, and his resultant absences in January 2023, which constitutes impermissible discrimination under the ADA. *Lewis v. Delta Air Lines, Inc.*, 208 F.Supp.3d 1144, 1149 (D. Nev. Sept. 23, 2016).

In his Complaint, Plaintiff alleges that:

> Within approximately (3) months of Plaintiff's initial accommodation request, Plaintiff was altogether terminated from his employment . . . . the reason proffered for Plaintiff's termination, i.e., absenteeism, is driven entirely from Defendant's collective failure and/or refusal to implement the very accommodation Plaintiff requested.[35]

---

[31] *Id.* ¶¶ 64-76.
[32] *Id.* ¶ 77-86.
[33] *Id.* ¶ 70.
[34] *Id.*
[35] Doc. 1 ¶ 81.

But for Plaintiff's request for an accommodation (i.e. protected activity), Plaintiff would not have been discharged from his employment.[36]

Here, Plaintiff's discrimination and retaliation claims are intertwined with his failure to accommodate claim in a manner that Courts have previously deemed improper. *See, e.g., Johnson v. Norton Cnty. Hosp.*, 550 F.Supp. 3d 937, 961 (D. Kan. 2021).

Because they are inextricably intertwined and not distinct claims, they are improper and subject to dismissal as well for the reasons stated herein.

## CONCLUSION

For the reasons explained herein, the Motion for Judgment on the Pleadings will be granted in its entirety, dismissing this lawsuit with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 12th day of June, 2025.



_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[36] Doc. 1, ¶ 82.